UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JES PROPERTIES, INC. d/b/a CYPRESS
TRAILS FARM, a Florida corporation,
and MICHAEL W. GALLAGHER,

                Plaintiffs,

-vs-                                                        Case No.  8:02-cv-1585-T-24MAP

USA EQUESTRIAN, INC. (formerly
the American Horse Show Association), et al.,

                Defendants.
_____/

## O R D E R

This cause comes before the Court for consideration of the following motions: Defendants', Linda S. Aldrich ("Aldrich") and Fox Lea Farm, Inc. ("Fox Lea")(collectively, "the Fox Lea Defendants"), motion for determination of entitlement to award of attorneys' fees and for award of costs (Doc. No. 365); Defendant United States Equestrian Federation, Inc.'s ("USEF") motion to determine entitlement to attorneys' fees and costs (Doc. No. 368); Defendants', David E. Burton, Sr., David E. Burton, Jr., Burton and Sons, Inc. and Littlewood Fences, Inc. (collectively, "the Burton Defendants"), motion for an award of attorneys' fees and costs (Doc. No. 372); Defendants', Stadium Jumping, Inc. ("Stadium Jumping") and Eugene R. Mische ("Mische")(collectively, "the Stadium Jumping Defendants"), motion for entry of an order determining entitlement to attorneys' fees and costs (Doc. No. 374), and Defendants', Thomas Struzzieri ("Struzzieri"), Horse Shows in the Sun, Inc. ("HITS") and Rose View Stables, Inc. ("Rose View Stables")(collectively, "the HITS Defendants"), motion for determination of entitlement to award of attorneys' fees and for award of costs (Doc. No. 375). The Court shall refer to the Fox Lea Defendants, the Burton Defendants, the Stadium Jumping Defendants and the HITS Defendants collectively as the "Promoter Defendants." Plaintiffs filed

a Combined Response to Defendants' Motions for Entitlement to Costs and Attorney's Fees (Doc. No. 381).

Plaintiffs filed a motion for entry of an order reversing the clerk's taxation of costs and staying payment until Plaintiffs exhaust all appeals (Doc. No. 389). All Defendants filed responses in opposition thereto (Doc. Nos. 391 - 394).

I. Procedural History[1]

On August 29, 2002, Plaintiffs filed a three-count Complaint which raised claims of unreasonable restraint of trade under section 1 of the Sherman Act (Count I), monopolization and attempted monopolization under section 2 of the Sherman Act (Count II), and claims of conduct, practices and activities which have the likelihood of substantially lessening competition under section 7 of the Clayton Act (Count III). Upon Defendants' motions, this Court dismissed the Complaint, but granted Plaintiffs leave to amend (Doc. No. 39).

On April 18, 2003, Plaintiffs filed a nine-count Amended Complaint (Doc. No. 42) in which they alleged claims for violation of Section 1 of the Sherman Act, violation of Section 2 of the Sherman Act, violation of Florida's Antitrust Act and violation of the Florida Deceptive and Unfair Trade Practices Act. In the Amended Complaint, Plaintiffs also added an additional Defendant, North Florida Hunter & Jumper Association, Inc. ("NFHJA")[2]. On October 10, 2003, this Court denied Defendants' Motions to Dismiss the First Amended Complaint (Doc. No. 59)[3].

---

[1] The Court will not state the extensive factual background of this case here. Instead, the Court incorporates by reference the factual background as outlined in this Court's May 9, 2005 Order (Doc. No. 363).

[2] Several Defendants, USA Equestrian Trust, Inc., f/k/a USA Equestrian, Inc. ("USAE")(formerly The American Horse Shows Association, Inc.("AHSA")), Bob Bell, Classic Company Ltd., Kernan Hodges a/k/a Mrs. George H. Hodges, Jr. and North Florida Hunter & Jumper Association, Inc. apparently settled with the Plaintiffs and were dismissed from the case (Doc. Nos. 195, 261, 267 and 350).

[3] The Court notes that as to Plaintiff Gallagher, the Court granted without prejudice the Burton Defendants' Motion to Dismiss the First Amended Complaint since Plaintiff Gallagher did not allege compliance with "the Federation procedures and did not plead he sought a waiver of the Mileage Rule from the Burton Defendants" (Doc. No. 59).

On December 19, 2003, Plaintiffs sought leave to file a fourteen count Second Amended Complaint to add Eugene R. Mische, Stadium Jumping, Inc., Thomas E. Struzzieri, Horse Shows in the Sun, Inc., Linda S. Aldridge, Fox Lea Farm, Inc., and United States Equestrian Federation, Inc. ("USEF") as additional defendants (Doc. No. 77). As Defendants did not oppose this second amendment, the Court granted Plaintiffs leave to file a Second Amended Complaint (Doc. No. 81). In the Second Amended Complaint, Plaintiffs again alleged claims for violation of Section 1 of theسherman Act, violation of Section 2 of the Sherman Act, violation of Florida's Antitrust Act and violation of the Florida Deceptive and Unfair Trade Practices Act.

Almost a year later, on December 16, 2004, Plaintiffs sought leave to file a Third Amended Complaint to add Roseview Stables Ltd. as an additional defendant (Doc. No. 250). Again Defendants did not oppose this third amendment, and the Court granted Plaintiffs leave to file a Third Amended Complaint (Doc. No. 257). In the Third Amended Complaint, Plaintiffs alleged that the rules of USAE and USEF, more specifically, the "Mileage Rule,"[4] and Defendants' alleged refusal to waive application of that rule violated section 1 of the Sherman Act (Count I). Counts II - IV raised claims of monopolization, attempted monopolization, and conspiracy to monopolize in violation of section 2 of the Sherman Act. Counts V-VIII raised claims of violations of the Florida Antitrust Act, FLA. STAT. §§542.18 and 542.19. Count IX alleged violations of the Florida Deceptive and Unfair Trade Practices Act.

On May 9, 2005, this Court entered an Order granting Defendants'-- USEF, the Burton Defendants, the HITS Defendants, and the Stadium Jumping Defendants -- motions for summary (Doc. No. 363). The Court further held that "[s]ince the Court has found Plaintiffs' claims are barred by the Defendants' implied immunity, all claims against Defendants Linda S. Aldrich and Fox Lea Farms, Inc. shall be dismissed."

---

[4] The Mileage Rule provides, in part, that in all States other than Maine, New Hampshire, Vermont, Connecticut, Rhode Island, New Jersey, New York and Pennsylvania, horse shows offering "A" rated hunter and jumper events must be held at least 250 miles apart on the same date. The Mileage Rule may be waived by a conflicting horse show promoter.

On May 23, 2005, the Fox Lea Defendants filed their motion for determination of entitlement to award of attorneys' fees and for award of costs pursuant to Fed. R. Civ. P. 54, the Florida Antitrust Act, and the Florida Deceptive and Unfair Trade Practices Act (Doc. No. 365)[5]. On May 24, 2005, Defendant USEF filed its motion to determine entitlement to attorneys' fees and costs pursuant to Fed. R. Civ. Pro. 54, the Florida Antitrust Act, and the Florida Deceptive and Unfair Trade Practices Act (Doc. No. 368)[6]. On May 24, 2005, the Burton Defendants filed their motion for an award of attorneys' fees and costs pursuant to Fed. R. Civ. P. 54, Fla. R. Civ. P. 1.442, FLA. STAT. §768.79, the Florida Antitrust Act, and the Florida Deceptive and Unfair Trade Practices Act (Doc. No. 372)[7]. On May 24, 2005, the Stadium Jumping Defendants filed their motion for an order determining entitlement to attorneys' fees and costs pursuant to Fed. R. Civ. P. 54, FLA. STAT. §768.79, the Florida Antitrust Act, and the Florida Deceptive and Unfair Trade Practices Act (Doc. No. 374)[8]. On May 23, 2005, the HITS Defendants filed their motion for determination of entitlement to award of attorneys' fees and for award of costs pursuant to

---

[5]The Court notes that the Fox Lea Defendants fail to provide any citation of authorities with respect to their entitlement to attorneys' fees under the Florida Antitrust Act. Likewise, the Fox Lea Defendants fail to provide any arguments or citation of authorities with respect to their entitlement to attorneys' fees pursuant to the Florida Deceptive and Unfair Trade Practices Act. Rather, they request this Court reserve ruling on their entitlement to an award of attorneys' fees as the prevailing party under the Florida Deceptive and Unfair Trade Practices Act until all appeals have been exhausted.

[6]Defendant USEF states "the additional cost entitlement reference in this Motion would simply be costs allowed under the Florida Deceptive and Unfair Trade Practices Act, if any, above and beyond those provided by federal law." Defendant USEF fails to provide any citation of authorities with respect to their entitlement to attorneys' fees and costs under the Florida Deceptive and Unfair Trade Practices Act or their entitlement to attorneys' fees under the Florida Antitrust Act.

[7]The Burton Defendants fail to provide any citation of authorities with respect to their entitlement to attorneys' fees and costs under the Florida Deceptive and Unfair Trade Practices Act or their entitlement to attorneys' fees under the Florida Antitrust Act.

[8]The Stadium Jumping Defendants fail to provide any citation of authorities with respect to their entitlement to attorneys' fees and costs under the Florida Antitrust Act.

Fed. R. Civ. P. 54, the Florida Antitrust Act, and the Florida Deceptive and Unfair Trade Practices Act (Doc. No. 365)[9].

On May 23, 2005, the Fox Lea Defendants filed a Bill of Costs seeking $4,735.55 in total costs for transcripts and mediation fees (Doc. No. 367). On May 24, 2005, Defendant USEF filed a Bill of Costs seeking $7,697.65 in total costs for transcripts (Doc. No. 369). On May 24, 2005[10], the Stadium Jumping Defendants filed a Bill of Costs seeking $9,034.14 in total costs for transcripts and mediation fees (Doc. No. 371). On May 24, 2005, the HITS Defendants filed a Bill of Costs seeking $4,974.67 in total costs for transcripts and mediation fees (Doc. No. 376). On June 7, 2005, Plaintiffs filed their Notice of Appeal (Doc. No. 378). On June 8, 2005, the Burton Defendants filed a Bill of Costs seeking $6,969.90 in total costs for transcripts and mediation fees (Doc. No. 380). On June 22, 2005, the Clerk taxed costs in the amount of $33,411.91 against Plaintiffs (Doc. Nos. 384 - 388).

II. Discussion

In the underlying case, the question before this Court was whether Plaintiffs could recover under the antitrust laws based upon the alleged anticompetitive impact of the Defendants' adherence to the rules promulgated by the national governing body of equestrian sport in the United States[11]. The Court found they could not and entered summary judgment for Defendant USEF, the Burton Defendants, the HITS Defendants, and the Stadium Jumping Defendants. The Court also dismissed all claims against the Fox Lea Defendants. There is no dispute that Defendants are the prevailing parties in this action. The issue now before this Court

---

[9] The HITS Defendants fail to provide any citation of authorities with respect to their entitlement to attorneys' fees under the Florida Antitrust Act. Likewise, the HITS Defendants fail to provide any citation of authorities with respect to their entitlement to attorneys' fees pursuant to the Florida Deceptive and Unfair Trade Practices Act. Rather, they request this Court reserve ruling on their entitlement to an award of attorneys' fees as the prevailing party under the Florida Deceptive and Unfair Trade Practices Act until all appeals have been exhausted.

[10] The Court notes that the Stadium Jumping Defendants subsequently refiled their Bill of Costs on June 8, 2005 (Doc. No. 379).

[11] Defendant USEF.

is whether Defendants are entitled to attorneys' fees and costs. For the reasons discussed below, this Court finds that Defendants are not entitled to attorneys' fees and are only entitled to taxable costs pursuant to Fed. R. Civ. Pro. 54(d)(1).

 A. <u>Attorneys' Fees</u>

  1. <u>Attorneys' Fees Under the Florida Antitrust Act</u>

FLA. STAT. §542.22 provides that a defendant in an action under the Florida Antitrust Act can recover its attorneys' fees if the Court determines that there was a complete absence of a justiciable issue of either law or fact raised by plaintiff. FLA. STAT. §542.22 states in relevant part:

> (1) . . . The court shall award a reasonable attorney's fee to a defendant prevailing in any action under this chapter for damages or equitable relief in which the court finds there was a complete absence of a justiciable issue of either law or fact raised by the plaintiff.

Defendants contend that no justiciable issue of law or fact existed in this case[12].

Although Florida courts have not specifically addressed what constitutes a complete absence of a justiciable issue under FLA. STAT. §542.22, "Florida courts have consistently held that in order for an action to be devoid of merit so as to not have a justiciable issue, the claims must be 'frivolous.'" See <u>Amey, Inc. v. Gulf Abstract & Title, Inc.</u>, 758 F.2d 1486, 1508 (11th Cir. 1985)(citations omitted)(addressing attorneys' fees under FLA. STAT. §57.105 in the context of state antitrust claims). The "[f]rivolousness of a claim or a defense is to be judged and determined as of the time it is initially presented, and if it can pass muster at that point, subsequent developments which render the claim or the defense to be without justiciable issue in law or fact should not subject the losing party to attorney's fees." <u>Murphy v. WISU Properties, Ltd.</u>, 895 So. 2d 1088, 1094 (Fla. 3d DCA 2004)(citations omitted). In other words the Court

---

[12]The Fox Lea Defendants contend that "the facts of this case establish that no justiciable issue of fact or law ever existed" with respect to them. However, the Court notes that the Fox Lea Defendants did not file dispositive motions and their motion for attorneys' fees improperly attempts to introduce new facts for consideration by this Court.

should avoid Monday morning quarterbacking, or after-the-fact reasoning, that the antitrust claims must have been frivolous because Plaintiffs did not ultimately prevail.

In arguing its entitlement to attorneys' fees, Defendant USEF asserts that "pursuing novel legal theories is not free." Pursuing novel legal arguments or creative advocacy, especially in the antitrust context, does not necessarily equate to a case being frivolous or that an award of attorneys' fees is justified. "To permit growth and change in our legal principles, an attorney must be able to present a case where there is a reasonable argument for the modification or reversal of existing law." See Norton Tire Co., Inc. v. Tire Kingdom Co., Inc., 116 F.R.D. 236, 241 (S.D. Fla. 1987)(denying motion for attorneys' fees under Fed. R. Civ. Pro. 11 and FLA. STAT. §542.22).

This case arose from a highly unusual factual situation involving the sanctioning of hunter and jumper horse show competitions in the state of Florida during the winter months. As the facts of this case did not squarely fall within binding case precedent, Plaintiffs attempted to stretch the parameters of existing antitrust law in bringing their claims. Likewise, Defendants based their motions for summary judgment in part upon the esoteric Amateur Sports Act. Given the unique nature of this case, this Court is not inclined to award attorneys' fees based upon Plaintiffs' pursuit of novel legal theories. Although the Court granted summary judgment on the alleged state antitrust violations, there was not a complete absence of a justiciable issue of either law or fact in Plaintiffs' case. Accordingly, Defendants' motions for entitlement to attorneys' fees pursuant to the Florida Antitrust Act are denied.

      2.    Attorneys' Fees and Costs Under the Florida Deceptive and Unfair Practices Act

FLA. STAT. §501.2105 provides for the discretionary award of attorneys' fees and costs to the party prevailing on a claim under the Florida Deceptive and Unfair Trade Practices Act[13].

---

[13] The Court notes that prior to 1994, the prevailing party in civil litigation brought under the Florida Deceptive and Unfair Practices Act was mandatorily entitled to recover reasonable attorneys' fees and costs from the nonprevailing party. The Legislature amended §501.2105 in 1994 to place an award of such fees and costs within the discretion of the trial court. See Hubbel v. Aetna Cas. & Sur. Co., 758 So.2d 94, 101

FLA. STAT. §501.2105 states in relevant part:

(1)   In any civil litigation resulting from an act or practice involving a violation of this part . . . the prevailing party, after judgment in the trial court and exhaustion of all appeals, if any, may receive his or her reasonable attorney's fees and costs from the nonprevailing party.

(3)   The trial judge may award the prevailing party the sum of reasonable costs incurred in the action plus a reasonable legal fee for the hours actually spent on the case as sworn to in an affidavit.

Defendants ask that the Court reserve ruling on their entitlement to an award of attorneys' fees and costs under the Florida Deceptive and Unfair Trade Practices Act until all appeals have been exhausted. However, because the Court does not believe Defendants are entitled to attorneys' fees and costs under the Florida Deceptive and Unfair Trade Practices Act, the Court declines to do so.

Here Defendants have not established that an award of attorneys' fees and costs under the Florida Deceptive and Unfair Trade Practices Act is appropriate under the facts of this case. Specifically, Defendants have not demonstrated that they expended any meaningful attorney time or costs in defending against Plaintiff's Florida Deceptive and Unfair Trade Practices Act claim. Plaintiffs' single claim under the Florida Deceptive and Unfair Trade Practices Act was based upon the same allegations as their antitrust claims. In fact, Plaintiffs conceded that their Florida Deceptive and Unfair Trade Practice Act claims "survive" or "fall" with their antitrust claims (Doc. No. 363, p. 37). Defendants largely relied on the outcome of their antitrust arguments in defending against the Florida Deceptive and Unfair Trade Practices Act claim. Granting Defendants' motion for attorneys' fees and costs pursuant to FLA. STAT. §501.2105 would be tantamount to awarding them attorneys' fees under the Sherman Act[14], or the Florida Antitrust Act, which they are not entitled to. As such, the Court finds that an award of attorneys'

---

n.10 (Fla. 2000)(Lewis, J., concurring in part and dissenting in part).

[14] Pursuant to the Clayton Act, 15 U.S.C. §§15 and 26.

fees and costs under the Florida Deceptive and Unfair Trade Practices Act is not warranted in this case

### 3 Attorneys' Fees Pursuant to FLA. STAT. §768.79 - Offer of Judgment

Under certain conditions, FLA. STAT. §768.79 permits a defendant who prevails in a civil action to recover his attorneys' fees if he files an offer of judgment which is not accepted by the plaintiff. In their motion for attorneys' fees, the Burton Defendants argue they are entitled to attorneys' fees since each served separate offers of judgment on Plaintiffs on March 19, 2004 which were not accepted. Specifically, "[t]hese offers of judgment related to Counts V, VI, VII, VIII and IX[15] of the Second Amended Complaint and offered to settle those claims for $500 from each of the Burton Defendants for each of the Plaintiffs" (Doc. No. 372, p. 2 and Composite Exh. A thereto). Likewise, the Stadium Jumping Defendants allege they served "substantial offers of judgment on July 20, 2004" and, therefore, are entitled to their "reasonable costs, including investigative expenses, and attorney's fees"(Doc. Nos. 370 and 374, p. 4). Plaintiffs contend that this Court should deny the Burton Defendants' and Stadium Jumping Defendants' motions for attorneys' fees pursuant to FLA. STAT. §768.79 since: (1) FLA. STAT. §768.79 is preempted by the Sherman Act; (2) the offers of judgment are facially invalid; and (3) and the offers of judgment were made in bad faith.

FLA. STAT. §768.79 states in relevant part:

(1) In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred by her or him on defendant's behalf pursuant to a policy of liability insurance or other contract from the date of filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer . . ..

(2) The making of an offer of settlement which is not accepted does not preclude the making of a subsequent offer. An offer must:
(a) Be in writing and state that it is being made pursuant to this section.
(b) Name the party making it and the party to whom it is being made.
(c) State with particularity the amount offered to settle a claim for punitive

---

[15] Counts V-VIII raised claims of violations of the Florida Antitrust Act, FLA. STAT. §§542.18 and 542.19. Count IX alleged violations of the Florida Deceptive and Unfair Trade Practices Act.

>    damages, if any.
>    (d)    State its total amount.
>
>    The offer shall be construed as including all damages which may be awarded in a final judgment.
>
>    (7)(a)   If a party is entitled to costs and fees pursuant to the provisions of this section, the court may, in its discretion, determine that an offer was not made in good faith. In such case, the court may disallow an award of costs and attorney's fees.

The procedural requirements for submitting and accepting offers of judgment, and moving for attorneys' fees after the final judgment, are outlined in Fla. R. Civ. P. 1.442. Fla. R. Civ. P. 1.442(a) provides that "[t]his rule applies to all proposals for settlement authorized by Florida law, regardless of the terms used to refer to such offers, demands, or proposals, and supersedes all other provisions of the rules and statutes that may be inconsistent with this rule." Fla. R. Civ. P. 1.442(c)(2)(A)-(G) governs the form and content of a proposal for settlement. See Lucas v. Calhoun, 813 So. 2d 971, 973 (Fla. 2d DCA 2002). "A proposal shall be deemed rejected unless accepted by delivery of a written notice of acceptance within 30 days after service of the proposal." Fla. R. Civ. P. 1.442(f)(1).

      a.     FLA. STAT. §768.79 is Preempted By the Sherman Act

FLA. STAT. §768.79 is preempted in the instant case since its application would be inconsistent with federal law. Florida antitrust law and the Florida Deceptive and Unfair Trade Practice Act mirror Federal antitrust law. Disposing of Plaintiffs' Federal antitrust claims contemporaneously decided Plaintiffs' state law claims (Doc. No. 363, pp. 35-37). Generally speaking, "[a]ttorney's fees under the antitrust laws that authorize damages awards are generally mandatory and are awarded to successful plaintiffs only." 2 Alba Conte, Attorney Fee Awards, §9:1 at 467 (3d ed. 2004). In contrast, FLA. STAT. §768.79 permits a defendant who prevails in a civil action to recover his attorneys' fees if he files an offer of judgment which is not accepted by the plaintiff.

To award attorneys' fees under FLA. STAT. §768.79, based upon state law claims permitted in federal court by the supplemental jurisdiction statute[16], would impermissibly substitute the interests of FLA. STAT. §768.79 for those expressly provided for by the Sherman Act[17]. See Keesee v. Bank of America, NA, 371 F. Supp. 2d 1370, 1376-77 (M.D. Fla. 2005)(holding FLA. STAT. §768.79 did not apply in case arising under Title VII); see also Moran v. City of Lakeland, 694 So. 2d 886, 887 (Fla. 2d DCA 1997).

        b.       The Offers of Judgment Are Facially Invalid and Were Not Made in Good Faith

In reviewing a defendant's request for attorneys' fees under FLA. STAT. §768.79, the court must first examine whether statutory prerequisites have been met thereby creating an entitlement to fees. See TGI Friday's , Inc. v. Dvorak, 663 So.2d 606, 611 (Fla. 1995). That entitlement to fees may lead to an award of fees, unless there is a finding that the entitlement was created "not in good faith." Id. at 611-13. For the reasons discussed more fully below, the Court finds that the offers of judgment made by the Burton Defendants and the Stadium Jumping Defendants cannot support an award of fees and were not made in good faith.

In this case, Plaintiffs sought both damages and injunctive relief (Doc. No. 258, pp. 76-77). Specifically, in Counts V-IX, Plaintiffs requested injunctive relief pursuant to the Florida Antitrust Act and the Florida Deceptive and Unfair Trade Practices Act enjoining continuing alleged violations of these provisions. The offers of judgment made by the Burton Defendants and the Stadium Jumping Defendants were ambiguous and invalid in that they failed to address the injunctive relief and failed to resolve future acts of alleged competitive exclusion, i.e. adherence to the Mileage Rule. See Di Paloa v. Beach Terrace Ass'n, 718 So. 2d 1275, 1277 (Fla. 2d DCA 1998). The offers of judgment did not state, for example, whether the Burton Defendants or the Stadium Jumping Defendants were agreeing to the entry of injunctive relief,

---

[16] 28 U.S.C. §1367.

[17] 15 U.S.C. §§15 and 26.

rather the language in the offers of judgment stated only that they were "intended to resolve all claims of relief" (Doc. Nos. 370 and 373). If the plaintiffs had accepted the offers, they might still have been forced to litigate their requests for injunctive relief. "The purposes of section 768.79 include the early termination of litigation. An offer of judgment that would not allow immediate enforcement on acceptance is invalid." Id.

Additionally, the Burton Defendants and Stadium Jumping Defendants failed to adhere to the offer of judgment procedures set forth in Fla. R. Civ. P. 1.442. Fla. R. Civ. P. 1.442(c)(2)(D) states that the proposal shall "state the total amount of the proposal and state with particularity all nonmonetary terms of the proposal." Neither the Burton Defendants nor the Stadium Jumping Defendants included nonmonetary terms in their offers of judgment. Furthermore, the offers of judgment impermissibly failed to specify whether the claims would be resolved "by a release (full or partial), a dismissal, or any other means" so that Plaintiffs could "fully evaluate its terms and conditions." Lucas, 813 So. 2d at 973. Based on the foregoing, the Court finds that the offers of judgment were legally insufficient and cannot support an award of attorneys' fees to the Burton Defendants and the Stadium Jumping Defendants pursuant to FLA. STAT. §768.79.

Even assuming that the offers of judgment were valid; however, this Court would still disallow the recovery of attorneys' fees in that it finds the offers of judgment were not made in good faith. Typically, once the statutory requisites have been met, an award of attorneys' fees and costs pursuant to an offer of judgment is mandatory. See Vines v. Mathis, 867 So.2d 548, 549 (Fla. 1st DCA 2004). However, FLA. STAT. §768.79(7)(a) allows a court, in its discretion, to disallow the recovery of attorney's fees if it determines that the offer of judgment was not made in good faith. In determining if an offer was made in good faith, the question to be considered is whether the offer or proposal bears a reasonable relationship to the amount of damages suffered and was a realistic assessment of liability. See Evans v. Piotraczk, 724 So.2d 1210 (Fla. 5th DCA 1998). The offer need not equate with the total amount of damages that

might be at issue. See Nants v. Griffin, 783 So.2d 363, 364 (Fla. 5th DCA 2001). Moreover, a minimal offer can be made in good faith if the evidence demonstrates that, at the time it was made, the offeror had a reasonable basis to conclude that its exposure was nominal. See Evans, 724 So. 2d at 1210; see also Zachem v. Paradigm Properties Mgmt. Team, Inc., 867 So.2d 1263 (Fla. 1st DCA 2004).

An offeror does not need to possess "at the time he makes an offer or demand . . . the kind or quantum of evidence needed to support a judgment." Schmidt v. Fortner, 629 So.2d 1036, 1039 (Fla. 4th DCA 1993). "The obligation of good faith merely insists that the offeror have some reasonable foundation on which to base an offer." Id. "An offer of judgment ought to fairly account for the risks of litigation, the costs and fees at stake, and the other components of uncertainty that sophisticated persons assay when deciding whether to settle . . . . A bona fide offer of judgment should be sufficient to cause a temperate and knowledgeable attorney to pause and carefully evaluate his client's stance." Stouffer Hotel Co. v. Teachers Ins., 944 F. Supp. 874, 875 (M.D. Fla. 1995). "The range of potential recovery, the clarity of the law, the extent of invested effort, and other considerations necessarily affect the balance." Id.

The good faith inquiry requires the trial court to review the facts and circumstances known to the offeror at the time it made the offer. See Fox v. McCaw Cellular Communications of Fla., Inc., 745 So.2d 330, 332-33 (Fla 4th DCA 1998). The burden is on the offeree to prove the absence of good faith. See Camejo v. Smith, 774 So.2d 28 (Fla. 2d DCA 2000)(citing Donohoe v. Starmed Staffing, Inc., 743 So.2d 623, 624 (Fla. 2d DCA 1999)).

With respect to the Burton Defendants, their offers of judgment in the aggregate amount of $4,000.00 were minimal. Their motion for attorneys' fees contains the conclusory statement that they "served their offers of judgment in good faith . . . after much of the written discovery in this case . . . and after a thorough analysis of the validity of the initial Complaint and the First and Second Complaints." However, the Burton Defendants fail to state the basis for their belief that their exposure was nominal. The Stadium Jumping Defendants, who made offers of

judgment in the aggregate amount of $2,000.00, do state that "Mr. Mische and SJI recognized and understood early on that neither Plaintiff could substantiate any such claims against either of them." However, they do not elaborate more and fail to provide the Court with evidence that demonstrated that their exposure was nominal.

The Florida Supreme Court recognizes "that attorney fees awarded pursuant to the offer of judgment statutes are sanctions . . . for unreasonable rejections of offers of judgment." Sarkis v. Allstate Ins. Co., 863 So.2d 210, 218 (Fla. 2003). It is "a sanction levied against the rejecting party for unnecessarily continuing the litigation." Id. at 222. This case was a complex antitrust case with multiple parties and numerous allegations, requiring lengthy and substantial discovery. On October 10, 2003, this Court entered on Order in which it found that Plaintiff's First Amended Complaint contained sufficient allegations to survive several motions to dismiss (Doc. No. 59). From a review of the record, it is clear that in March and July of 2004, the dates the offers of judgment were served, substantial discovery including numerous depositions remained to be completed (Doc. Nos. 108 - 110, 119 - 124 and 174)[18]. Additionally, with respect to the Stadium Jumping Defendants, the Court notes that at the time they served their offers of judgment, this Court had only recently vacated defaults against them and permitted them to file a response to the Second Amended Complaint (Doc. No. 167). The Court finds that given the novelty and difficulty of the issues in this case, and the timing and amount of the Burton Defendants and Stadium Jumping Defendants offers of judgment, that the offers of judgment were not in good faith. Accordingly, this Court declines to award the Burton Defendants and the Stadium Jumping Defendants attorneys' fees pursuant to FLA. STAT. §768.79.

    B.    Costs Pursuant to Fed. R. Civ. P. 54(d)(1)

---

[18]The Court notes that the discovery cutoff was eventually extended to December 31, 2004, with expert discovery not closing until February 28, 2005 (Doc. No. 254).

Pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure, costs "shall be allowed as a matter of course to the prevailing party unless the court otherwise directs." In accordance with Title 28 U.S.C. § 1920, the Court may tax the following costs:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in this case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in this case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

After the prevailing party files a verified bill of costs with the clerk, the opposing party may object. The objecting party has the burden to show that circumstances are such that an award of costs is not warranted in a particular case. See Arcadian Fertilizer, L.P. v. MPW Indus. Serv., Inc., 249 F.3d 1293, 1296 (11th Cir. 2001); see also 10 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2668 (3d ed. 1998). Plaintiffs object to the "validity and reasonableness" of costs assessed in favor of Defendants and request that this Court utilize its discretionary authority to review and reverse the Clerk's taxation of costs under Fed. R. Civ. P. 54(d)(1). The Court has determined that Defendants are the prevailing parties, and after reviewing the record in this case, the Court finds no reason to deny costs under Fed. R. Civ. P. 54(d)(1) to the prevailing parties. See Kotex v. Almost Family, Inc., 2005 WL 1126558 *2 (M.D. Fla. 2005).

Plaintiffs argue that the Promoter Defendants are not entitled to recover costs for mediation expenses. The amount assessed in favor of each Promoter Defendant was $775.00, for a total cost of $3,100.00. This Court agrees that 28 U.S.C. §1920 does not contain a provision permitting recovery of mediation expenses and will disallow these fees. Plaintiffs further

contend that Defendant USEF is not entitled to recover costs for duplicate copies of deposition transcripts. Defendant USEF responds that it "does not oppose the reduction of its cost award by $604.40." Accordingly, the Court will reduce the taxation of costs in favor of Defendant USEF by $604.40[19].

Plaintiffs urge that this Court should stay enforcement of any award of costs until Plaintiffs' appeals have been exhausted. Although costs cannot be awarded under the Florida Deceptive and Unfair Trade Practices Act until the exhaustion of all appeals, the Sherman Act and the Florida Antitrust Act contain no such restrictions. Accordingly, the Court finds that the award of taxable costs under Fed. R. Civ. P. 54(d)(1) need not be delayed as requested by Plaintiffs.

### III. Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** that:

(1) Defendants', Linda S. Aldrich ("Aldrich") and Fox Lea Farm, Inc. ("Fox Lea")(collectively "the Fox Lea Defendants"), motion for determination of entitlement to award of attorneys' fees and for award of costs (Doc. No. 365) is **GRANTED** to the extent that the Fox Lea Defendants are entitled to their costs already taxed in the amount of $4,735.55 pursuant to Fed. R. Civ. Pro. 54(d)(1)(Doc. No. 388), less $775.00, otherwise their motion is **DENIED**.

(2) Defendant United States Equestrian Federation, Inc.'s ("USEF") motion to determine entitlement to attorneys' fees and costs (Doc. No. 368) is **GRANTED** to the extent that Defendant USEF is entitled to its costs already taxed in the amount of $7,697.65 pursuant to Fed. R. Civ. Pro. 54(d)(1)(Doc. No. 387), less $604.40, otherwise its motion is **DENIED**.

---

[19]$604.40 represents the amount of the second invoice, #73507, for the transcripts of David O'Connor and John Long (Doc. No. 369).

(3)  Defendants', David E. Burton, Sr., David E. Burton, Jr., Burton and Sons, Inc. and Littlewood Fences, Inc. (collectively, "the Burton Defendants"), motion for an award of attorneys' fees and costs (Doc. No. 372) is **GRANTED** to the extent that the Burton Defendants are entitled to their costs already taxed in the amount of $6,969.90 pursuant to Fed. R. Civ. Pro. 54(d)(1)(Doc. No. 384), less $775.00, otherwise their motion is **DENIED**.

(4)  Defendants', Stadium Jumping, Inc. ("Stadium Jumping") and Eugene R. Mische ("Mische")(collectively, "the Stadium Jumping Defendants"), motion for entry of an order determining entitlement to attorneys' fees and costs (Doc. No. 374) is **GRANTED** to the extent that the Stadium Jumping Defendants are entitled to their costs already taxed in the amount of $9,034.14 pursuant to Fed. R. Civ. Pro. 54(d)(1)(Doc. No. 385), less $775.00, otherwise their motion is **DENIED**.

(5)  Defendants', Thomas Struzzieri ("Struzzieri"), Horse Shows in the Sun, Inc. ("HITS") and Rose View Stables, Inc. ("Rose View Stables")(collectively, "the HITS Defendants"), motion for determination of entitlement to award of attorneys' fees and for award of costs (Doc. No. 375) is **GRANTED** to the extent that the HITS Defendants are entitled to their costs already taxed in the amount of $4,974.67 pursuant to Fed. R. Civ. Pro. 54(d)(1)(Doc. No. 386), less $775.00, otherwise their motion is **DENIED**.

(6)  Plaintiffs' request for oral argument on Defendants' motions for entitlement to attorneys' fees and costs is **DENIED**.

(7)  Plaintiffs' motion for entry of an order reversing the clerk's taxation of costs and staying payment until Plaintiffs exhaust all appeals (Doc No. 389) is **GRANTED IN PART** insofar as the Defendants' total costs to be taxed are reduced from $33,411.91 to $29,707.51 as set forth above, otherwise the motion is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 17th day of March, 2006.

Copies to:

Counsel of Record

SUSAN C. BUCKLEW
United States District Judge